ORIGINAL

# In the United States Court of Federal Claims

No. 13-856C

(Filed: February 7, 2014)

FILED

FEB 7 2014

U.S. COURT OF
FEDERAL CLAIMS

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*
\*
ROMELL R. HOWARD,             \*
                                      \*
                 Plaintiff,        \*
                                        \*
v.                                         \*
                                        \*
THE UNITED STATES,          \*
                                        \*
                 Defendant.      \*
                                        \*
\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

### OPINION AND ORDER

WHEELER, Judge.

On October 30, 2013, *pro se* Plaintiff Romell R. Howard filed a complaint against the Government seeking $314,000,000 in damages. This amount represents one dollar for each person in a 2012 estimate of the U.S. population. Mr. Howard appears to argue that he is entitled to this amount because of a violation of his Fourth Amendment rights.

On December 11, 2013, counsel for the United States filed a motion to dismiss Mr. Howard's complaint for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) of the Court of Federal Claims ("RCFC"). Def.'s Mot. to Dismiss 1. The Government contends that this Court lacks subject matter jurisdiction over Mr. Howard's claims because his complaint fails to articulate a claim that the Court has jurisdiction to entertain. For the reasons stated below, the Government's motion to dismiss for lack of subject matter jurisdiction is GRANTED.

### Background

Mr. Howard's complaint is titled "Request for legal representation." The complaint explains that U.S. currency is inscribed with the words "In god we trust" and "[t]his is legal tender for all debt public and private." (Dkt. No. 1.) From those facts, Mr. Howard appears to argue that each dollar bill entitles him to legal representation. In his complaint, Mr. Howard does not state his cause of action, but he alludes to a

"situation" and indicates that the Washington D.C. police department held him in custody. His petition for *In Forma Pauperis*, which the Court granted, states that he is not currently a prisoner. (Dkt. No. 3).

On January 10, 2014, Mr. Howard filed a response to the Government's motion to dismiss. Mr. Howard's response was written on post-it notes attached to a copy of the U.S. Constitution. The Court granted Mr. Howard leave on January 29, 2014 to supplement his response. In the supplemental response Mr. Howard alleges that his Fourth Amendment rights were violated because the "prison receipt" did not have probable cause. This appears to refer to the "Prisoner's Property Receipt" that Mr. Howard attached to his complaint.

<u>Analysis</u>

In reviewing a motion to dismiss, the Court must accept the allegations in the complaint as true, drawing all reasonable inferences in the plaintiff's favor. <u>Ainslie v. United States</u>, 355 F.3d 1371, 1373 (Fed. Cir. 2004) (citing <u>Godwin v. United States</u>, 338 F.3d 1374, 1377 (Fed. Cir. 2003)). Though *pro se* litigants are held to "less stringent standards than formal pleadings drafted by lawyers," failures to comply with the Court's jurisdictional requirements are not excused. <u>Hampel v. United States</u>, 97 Fed. Cl. 235, 237 (2011) (quoting <u>Estelle v. Gamble</u>, 429 U.S. 97, 106 (1976)). Where subject matter jurisdiction is challenged, the plaintiff must establish the Court's jurisdiction by a preponderance of the evidence. <u>Reynolds v. Army & Air Force Exch. Serv.</u>, 846 F.2d 746, 748 (Fed. Cir. 1988).

This Court's jurisdiction is established by the Tucker Act. 28 U.S.C. § 1491 (2006). To invoke jurisdiction under the Tucker Act, a plaintiff must point to a substantive right to money damages against the United States. <u>Hamlet v. United States</u>, 63 F.3d 1097, 1101 (Fed. Cir. 1995). The Court does not have subject matter jurisdiction over Mr. Howard's claims under the Fourth Amendment because the Fourth Amendment does mandate the payment of money for violations. U.S. Const. Amend. IV. Paragraph six of Mr. Howard's supplemental response mentions "unjust conviction and imprisonment." If Mr. Howard's claim is a claim of unjust imprisonment he has failed to provide a certificate of innocence which pursuant to 28 U.S.C. § 2513 is a prerequisite for suit. Accordingly, Defendant's motion to dismiss under Rule 12(b)(1) is GRANTED, and the clerk is instructed to DISMISS the complaint without prejudice.

IT IS SO ORDERED.

Thomas C. Wheeler

THOMAS C. WHEELER
Judge

2